IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL B. WOOLMAN, | Civil No. 11-4818 (JBS-KMW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| COMCAST CABLE & COMMUNICATION, | |
| Defendant. | |

SIMANDLE, District Judge:

    This civil case was initiated by a Complaint filed by Michael B. Woolman (Plaintiff) against Defendant Comcast Cable and Communication, received August 22, 2011. Plaintiff seeks leave to proceed in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915(a). The Court has reviewed his Application and finds that he is without sufficient income or assets to pay the filing fee, so that his application to proceed without prepayment of fees will be granted, and the Clerk of Court will be directed to file his Complaint in the accompanying Order.

    Where a complaint is filed pursuant to 28 U.S.C. § 1915(a), the Court is called upon to preliminarily screen the complaint to determine whether it is frivolous, malicious, fails to state a claim, or seeks damages from a defendant who is immune from such

damages, all pursuant to 28 U.S.C. § 1915(e)(2). The Court has completed this preliminary screening and finds as follows:

    1. It is indeed difficult to make sense of Plaintiff's Complaint. In answer to the simple question "what happened?" on page 2 of the form of pro se complaint, Plaintiff states:

> "The interruption as such, this company & Verizon took over the windstream.net local sad light& Communication, to diversify and there lire less chips from Motorola. The assumption as the, Bryan LGH ASUMED TO USE IN THERE HOSPITAL. Now, and to show and use me on the national additional TV, on maltose stations, and air radio. For a chance to make false assumption, at me and using me for some illegal sites for my knowledge."

    2. In his "Statement of Claims", Plaintiff provides no clarification, stating such observations as the following: "In a found legal system, that we all say being proud for a county so revolved. Now and to for see a told lie to the nation in such renown demine, can we understand new, Found, TERRRIEM..." [See Complaint, page 3].

    3. In the Complaint's "Statement of Jurisdiction", Plaintiff has checked the boxes for claim arises under the Constitution, laws or treaties of the United States; Violation of civil rights; and Employment discrimination, as well as the box "Other basis for jurisdiction in federal court" which he explains as "You'll now what for what have, I explained you to on the compelling brief."

4. Accordingly, the Complaint fails to comply with Rule 8(a) because it fails to contain any short, plain statement of the Plaintiff's claims and the grounds upon which they rest. Furthermore, his assertions regarding the jurisdictional basis are indecipherable; clearly the claim cannot arise under the Constitution because defendant Comcast is not a state or federal agency or actor, nor does he allege any civil rights statute or employment statute or employment relationship, for that matter, that could give rise to the other asserted bases for federal court jurisdiction.

5. In short, the Complaint fails to give any notice to the Court or to the defendant regarding the nature of Plaintiff's claims nor the basis of this Court's authority to act upon those claims.

6. The Court is mindful that this is a pro se pleading and that "specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). This Complaint fails to comply with even this minimal standard.

7. Further, it appears that the Court lacks subject matter jurisdiction over this case. No jurisdictional ground is pled and none is apparent from anything in the Complaint.

8.   Accordingly, the Court finds that it lacks subject matter jurisdiction and that the Complaint fails to state a claim upon which relief can be granted, and the Complaint will be dismissed.

9.   Plaintiff will be given one opportunity to cure these deficiencies if he files a motion to reopen this docket and a proposed Amended Complaint, within thirty (30) days of the entry of this Order.

The accompanying Order is entered.


**November 14, 2011**             **s/ Jerome B. Simandle**
Dated                              JEROME B. SIMANDLE
                                   U.S. District Judge